1  PAUL J. ANDRE, Bar No. 196585
   LISA KOBIALKA, Bar No. 191404
2  PERKINS COIE LLP
   101 Jefferson Drive
3  Menlo Park, CA 94025-1114
   Ph: (650) 838-4300
4  Fx: (650) 838-4350

5  Attorneys for PharmaStem Therapeutics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation, | CASE NO. 04-3072 JSW |
|---|---|
| Plaintiff, | PHARMASTEM THERAPEUTICS, INC.'S OPPOSITION TO CBR'S SUPPLEMENTAL NOTICE OF PENDENCY OF OTHER ACTION OF PROCEEDING PURSUANT TO L.R. 3-13(c) |
| v. | |
| CORD BLOOD REGISTRY, INC., dba CBR, a California corporation, and SUTTER HEALTH, INC., a California corporation. | |
| Defendant. | |
| CBR SYSTEMS, INC., dba CBR a California corporation | |
| Counterclaimant | |
| v. | |
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation; STEMBANC, INC., a Ohio corporation; NICHOLAS DIDIER; and ARCHIBALD A. GRABINSKI | |
| Counterdefendants. | |

28  PHARMASTEM THERAPEUTICS, INC.'S OPPOSITION TO CBR'S
    SUPPLEMENTAL NOTICE OF PENDENCY OF OTHER ACTION OF
    PROCEEDING PURSUANT TO L.R. 3-13(c)
    CASE NO. 04-3072 JSW

1  Pursuant to Civil L.R. 3-13(c), Plaintiff PharmaStem Therapeutics, Inc. ("PharmaStem")
2  hereby oppose CBR Systems, Inc.'s ("CBR") Supplemental Notice of Pendency of Other Action or
3  Proceeding filed on October 28, 2004 ("CBR's Notice"), because the case entitled *ViaCell, Inc.,*
4  *Cryo-Cell International, Inc and CorCell, Inc. v. PharmaStem Therapeutics, Inc.*, filed on October
5  5, 2004 in the United States District Court of Delaware, Civil Action No. 04-1335 (the "Second
6  Delaware Action") does not satisfy the "relatedness requirements" under Local Rule 3-13(a).

7  Local Rule 3-13(a) requires that an action be disclosed to the Court whenever it "involves
8  all or substantially all of the same parties *and* all or a material part of the same subject matter" as
9  any action in this district. *See* L.R. 3-13(a)(emphasis added). The Second Delaware Action fails
10 to meet either, let alone both, of these requirements under the rule.

11 Only *one party,* namely PharmaStem, is named in both this action and the Second
12 Delaware Action. Nicholas Didier, CBR, Sutter Health, Inc., Stembanc, Inc. and Archibald
13 Grabinski are not parties to the Second Delaware Action, and no other parties to the Second
14 Delaware Action are named in this action. Clearly, having only *one of nine* total parties in
15 common between the two actions does not constitute "all or substantially all of the same parties"
16 as required under the rule.

17 Furthermore, the plaintiffs in the Second Delaware Action (*none* of which are parties to this
18 action) have asserted various antitrust, unfair competition, and tort causes of action against
19 PharmaStem that are not based on "all or a material part of the same subject matter" as this action.
20 L.R. 3-13(a). In this action, PharmaStem alleges that CBR infringes two of PharmaStem's patents,
21 U.S. Patents Nos. 6,461,645 B1 and 6,569,427 B1 (the "'427 Patent"), and that Sutter Health also
22 infringes the '427 Patent. Thus, the subject matter of this action involves CBR's and Sutter Health's
23 activities related to cord blood banking.

24 In sharp contrast, the Second Delaware Action is not a patent infringement action and does not
25 involve any patent infringement claims, or defenses or counterclaims related to patent infringement.
26 Specifically, the following claims have been alleged against PharmaStem in the Second Delaware
27 Action: (1) violation of 15 U.S.C. §§1-2 for unreasonable restraint of trade and attempted
28 monopolization; (2) violation of 15 U.S.C. §1125(a) for federal unfair competition; (3) violation of

1  Massachusetts Gen. Laws Chapter 93A for unfair and deceptive trade acts, practices, and competition;
2  and (4) tortious interference with contract and prospective business relationships.

3      While CBR's Notice alleges that the Second Delaware Action "may satisfy the subject matter
4  'relatedness requirements' of Local Rule 13-3(a) [sic] because both actions concern communications
5  between or amongst PharmaStem and CBR's actual or potential clients and/or the doctor treating such
6  clients," it is obvious that the subject matter of CBR's counterclaims in this action barely—and only
7  immaterially—overlap with the subject matter of the Second Delaware Action. Patents are not being
8  enforced in the Second Delaware Action. Thus, there is no overlap of patent infringement subject
9  matter, except to the extent that the Second Delaware Action accuses all of PharmaStem's patent
10 infringement actions of being mere shams. However, to the same extent that the Second Delaware
11 Action accuses the underlying patent infringement actions to be mere shams, the antitrust claims
12 asserted in the Second Delaware Action must be compulsory counterclaims to those underlying patent
13 infringement actions, and should be raised there and not elsewhere. In fact, one of the defendants in
14 the Second Delaware Action already has pled the same antitrust claim as a counterclaim in
15 PharmaStem's patent infringement suit against it. In this action, CBR and Sutter Health do not bring
16 antitrust counterclaims. Finally, as for CBR's unfair competition, tortious interference and trade libel
17 counterclaims, those claims, and any alleged injuries to CBR it hopes to prove in this action, are
18 necessarily peculiar to it and this case alone. Thus, the Second Delaware Action does not satisfy the
19 "relatedness requirement" of Local Rule 3-13(a), because it does not involve *either* "all or
20 substantially all of the same parties" *or* "all or a material part of the same subject matter" as the this
    action; and the rule requires *both*. L.R. 3-13(a).

21     For the foregoing reasons, PharmaStem opposes CBR's Notice pursuant to Civil L.R. 3-
22 13(c).

23 DATED: November 11, 2004          **PERKINS COIE LLP**

24                                   By _____/s/_____
                                     Paul J. Andre, Esq.
25                                   Attorneys for PharmaStem Therapeutics, Inc.

-2-