UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>VIACELL, INC., OBSTETRICAL AND GYNECOLOGICAL ASSOCIATES, P.A., FEMPARTNERS, INC., and CARITAS ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC., <br><br>　　　　Defendants. | CIVIL ACTION NO. 04-11673 (RWZ) <br><br> ORAL ARGUMENT REQUESTED |

**DEFENDANT VIACELL'S MOTION FOR AN EXTENSION OF TIME IN WHICH TO RESPOND TO PHARMASTEM'S MOTION FOR A PRELIMINARY INJUNCTION**

Defendant ViaCell, Inc. ("ViaCell") hereby requests an extension of time in which to respond to the Motion for a Preliminary Injunction filed by plaintiff PharmaStem Therapeutics, Inc. ("PharmaStem") on January 7, 2005. PharmaStem filed this action more than five months ago but only now seeks a preliminary injunction. PharmaStem's delay in bringing this motion demonstrates that there is no urgency to the matter. Further, defendants' motion to stay proceedings pending the decision of the Judicial Panel on Multidistrict Litigation ("Judicial Panel") is pending. As a result and for the following reasons, ViaCell requests that all briefing regarding PharmaStem's motion for a preliminary injunction wait until after the Judicial Panel has reached a decision regarding the pending motion to consolidate the various PharmaStem patent infringement cases:

(1)　　As the Court is aware, defendants' motion to stay proceedings has been fully briefed and is ready for consideration by the Court. In addition to the stay granted in the related Florida Action which was discussed in defendants' motion to stay, stays pending the Judicial

Panel decision have now also been granted in the related Pennsylvania Action and Northern California Action.[1] The stay granted in the Northern California Action stayed PharmaStem's motion for a preliminary injunction that had just recently been filed in that action. Likewise, all briefing regarding PharmaStem's motion for a preliminary injunction in this action should wait until the decision of the Judicial Panel has been made.

(2) Further, PharmaStem will not be prejudiced should the Court grant ViaCell's request for an extension of time. PharmaStem's motion for a preliminary injunction is not a motion that requires a rapid briefing schedule. PharmaStem filed this action more than five months ago but has not sought injunctive relief until now. Thus, there is no particular urgency regarding PharmaStem's motion. In addition, the Judicial Panel has set oral argument regarding the motion to consolidate the various PharmaStem patent infringement cases for January 27, 2005. *See* Exhibit 4. Therefore, the stay and thus the extension of time sought by ViaCell is a very limited one as the Judicial Panel will be hearing oral argument on the motion to consolidate in approximately two weeks.

(3) In addition, PharmaStem has already been denied injunctive relief based upon a very similar motion filed in the original Delaware action, *PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al.*, C.A. No. 02-148-GMS, regarding U.S. Patent No. 5,004,681 ("the '681

---

[1] In the Florida Action (*PharmaStem Therapeutics, Inc. v. CryoCell International, Inc., et al.*, C.A. No. 8:04-CV-1740-T-30TGO (M.D. Fla.)) the court stayed the action *sua sponte* for 120 days to permit the Judicial Panel to consider the pending motion and to allow "one court [to] construe the patents [and] to maintain judicial economy." *See* Exhibit 1 at 19:17-23.
   In the Pennsylvania Action (*PharmaStem Therapeutics, Inc. v. Corcell, Inc., et al.*, C.A. No. 2:04-CV-03561-RK), the court stayed all further proceedings pending action by the Judicial Panel. *See* Exhibit 2.
   And in the Northern California Action (*PharmaStem Therapeutics, Inc. v. Cord Blood Registry. Inc., et al.*, C.A. No. C-04-3072-JSW (N.D. Cal.)) the court stayed all pending motions with the exception of a pending motion to dismiss for personal jurisdiction pending a ruling from the Judicial Panel and also stayed certain discovery. *See* Exhibit 3.
   As in the instant action, PharmaStem has alleged infringement of U.S. Patent Nos. 6,461,645 B1 ("the '645 patent") and 6,569,427 ("the '427 patent") in each of these actions.

patent"). Judge Sleet denied PharmaStem's request for injunctive relief in the original Delaware action as moot based on his finding that PharmaStem had failed to provide a "legally sufficient evidentiary basis for a reasonable jury to find that all, or any specific number, of the defendants' cord blood units infringe the '681 patent." *See* Exhibit 5. Thus, ViaCell has now been found <u>not</u> to infringe either the '681 patent or U.S. Patent No. 5,192,553 ("The '553 patent") – both of which are substantially similar to the '645 and '427 patents at issue in this action.[2]

Therefore, for these reasons ViaCell requests that all briefing regarding PharmaStem's motion for a preliminary injunction wait until after the Judicial Panel has decided whether to consolidate all of the related PharmaStem patent infringement cases. Specifically, ViaCell seeks an extension of time until ten (10) business days from the entry date of the decision of the Judicial Panel regarding the pending motion to consolidate in MDL No. 1660 in which to file a response to PharmaStem's motion for a preliminary injunction.

## RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1 of the United States District Court for the District of Massachusetts, the undersigned certify that counsel for defendant ViaCell, Inc. have conferred in good faith with counsel for plaintiff PharmaStem Therapeutics, Inc. to attempt to resolve or narrow the issues of this Motion, and that the parties were unable to resolve the dispute.

## REQUEST FOR ORAL ARGUMENT

Defendant ViaCell, Inc. hereby requests oral argument on its Motion For An Extension of Time In Which To Respond to PharmaStem's Motion for a Preliminary Injunction.

---

[2] The patents at issue in this action (the '645 and '427 patents) and the patents at issue in the original Delaware action (the '681 and '553 patents) all derive from a single parent application, serial no. 07/119,746, filed November 12, 1987. The specifications of each patent are substantially identical and there is great similarity among the claims of the patents.

>Respectfully submitted,
>
>VIACELL, INC.,
>
>By its attorneys,
>
>/s/ Elaine Herrmann Blais
>Paul F. Ware. Jr., P.C. (BBO # 516240)
>John C. Englander (BBO # 542532)
>Elaine Herrmann Blais (BBO # 656142)
>GOODWIN PROCTER, LLP
>Exchange Place
>Boston, MA  02109
>(617) 570-1000

Dated:  January 14, 2005

LIBA/1444792.3