## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIACELL, INC., OBSTETRICAL AND GYNECOLOGICAL ASSOCIATES, P.A., FEMPARTNERS, INC., and CARITAS ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC., <br><br> Defendants. | CIVIL ACTION NO. 04-11673 (RWZ) |

**OGA'S AND FEMPARTNER'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

For their answer and defense, defendants Obstetrical and Gynecological Associates, P.A. ("OGA") and FemPartners, Inc. ("FemPartners") respond to the numbered paragraphs of the Amended Complaint for Patent Infringement and Demand for Jury Trial ("Amended Complaint") filed by plaintiff PharmaStem Therapeutics, Inc. ("plaintiff") as follows:

## THE PARTIES

1.   Admitted on information and belief.

2.   OGA and FemPartners state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.   Admitted.

4.   Admitted.

5.   OGA and FemPartners state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5.

## JURISDICTION AND VENUE

6.	Admitted.

7.	OGA and FemPartners admit that venue in this district is proper and agree not to contest personal jurisdiction in this district for purposes of this litigation. OGA and FemPartners deny the remaining allegations of paragraph 7.

8.	OGA and FemPartners admit that they entered into an agreement with ViaCell, Inc. ("ViaCell"). OGA and FemPartners further admit that ViaCell is located in this district. OGA and FemPartners deny the remaining allegations of paragraph 8.

## PLAINTIFF'S PATENTS

9.	OGA and FemPartners admit that the copy of the '645 patent as appended to the Amended Complaint states that plaintiff is the registered assignee of the '645 patent, that the application that led to the '645 patent was filed on May 16, 1990, and that the '645 patent issued on October 8, 2002. OGA and FemPartners deny the remaining allegations of paragraph 9.

10.	OGA and FemPartners admit that the copy of the '427 patent as appended to the Amended Complaint states that plaintiff is the registered assignee of the '427 patent, that the application that led to the '427 patent was filed on May 16, 1995, and that the '427 patent issued on May 27, 2003. OGA and FemPartners deny the remaining allegations of paragraph 10.

11.	OGA and FemPartners admit that the '645 and '427 patents are official documents that speak for themselves, and thus deny any characterizations thereof. OGA and FemPartners further state that the allegations of paragraph 11 pertain to claim construction which is an issue of law.

## PATENT INFRINGEMENT

12.	OGA and FemPartners state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.	OGA and FemPartners state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 13.

14.	OGA and FemPartners admit that they entered into an agreement with ViaCell regarding cord blood collection. OGA and FemPartners deny the remaining allegations of paragraph 14.

15.	OGA and FemPartners state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15.

### FIRST CAUSE OF ACTION
### (Infringement of the '645 Patent)

16.     OGA and FemPartners reallege each and every response set forth in paragraphs 1 through 15 and incorporate them herein by reference.

17.     OGA and FemPartners state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17.

18.     OGA and FemPartners state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.     OGA and FemPartners state that they are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19.

### SECOND CAUSE OF ACTION
### (Infringement of the '427 Patent)

20.     OGA and FemPartners reallege each and every response set forth in paragraphs 1 through 19 and incorporate them herein by reference.

21.     Denied.

22.     Denied.

23.     Denied.

### PRAYER FOR RELIEF

OGA and FemPartners state that all requested relief should be denied.

### AFFIRMATIVE DEFENSES

As and for further defenses to this action, OGA and FemPartner state:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The '427 patent is invalid because it fails to comply with the requirements of the patent laws of the United States, Title 35, United States Code Annotated, including, without limitation, §§ 101, *et seq*.

3

### THIRD DEFENSE

OGA and FemPartners have not engaged and do not engage in any activities that infringe, contribute to the infringement, or induce infringement of any valid and enforceable claim of the '427 patent.

### FOURTH DEFENSE

Some or all of plaintiff's claims are barred by the doctrine of prosecution history estoppel.

### FIFTH DEFENSE

Some or all of plaintiff's claims are barred by the doctrine of collateral estoppel or issue preclusion.

### SIXTH DEFENSE

Some or all of plaintiff's claims are barred by the doctrine of res judicata or claim preclusion.

### SEVENTH DEFENSE

Some or all of plaintiff's claims are barred by the doctrine of unclean hands and/or patent misuse.

### EIGHTH DEFENSE

Some or all of plaintiff's claims are barred by the doctrine of absolute and/or equitable intervening rights.

**NINTH DEFENSE**

OGA and FemPartners have not yet ascertained whether the '427 patent was obtained through fraudulent or inequitable conduct. Accordingly, OGA and FemPartners reserve the right to plead a defense based on fraud or inequitable conduct.

**TENTH DEFENSE**

Plaintiff is barred by 35 U.S.C. § 287 from recovering damages for any alleged infringement of the '427 patent that occurred before the filing of the complaint and notification to OGA and FemPartners alleging infringement of the '427 patent.

OBSTETRICAL AND GYNECOLOGICAL ASSOCIATES, P.A., and FEMPARTNERS, INC.,

By their attorneys,

/s/ Elaine Herrmann Blais

Paul F. Ware, Jr., P.C. (BBO # 516240)
John C. Englander (BBO # 542532)
Elaine Herrmann Blais (BBO # 656142)
GOODWIN PROCTER, LLP
Exchange Place
Boston, MA  02109
(617) 570-1000

Dated: December 16, 2004

LIBA/1416260.3